**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YCF TRADING INC.<br><br>Plaintiff,<br><br>v.<br><br>SKULLCANDY, INC. and JOHN DOE,<br><br>Defendants. | Case No. 24-cv-2540-MKB-SJB |

**PLAINTIFF YCF TRADING INC.'S OPPOSITION TO DEFENDANT SKULLCANDY, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**Date of Service: July 31, 2024**

**TABLE OF CONTENTS**


I. INTRODUCTION .......... 1

II. FACTUAL BACKGROUND .......... 2

III. LEGAL STANDARD .......... 3

IV. DEFENDANT'S MOTION SHOULD BE DENIED .......... 4

A. THE COMPLAINT SUFFICIENTLY PLEADS A DECLARATORY JUDGMENT CLAIM .......... 4

B. THE COMPLAINT SUFFICIENTLY PLEADS A DEFAMATION CLAIM .......... 6

C. THE COMPLAINT SUFFICIENTLY PLEADS A TRADE LIBEL CLAIM .......... 9

D. THE COMPLAINT SUFFICIENTLY PLEADS A TORTIOUS INTERFERENCE WITH CONTRACT CLAIM .......... 10

E. THE COMPLAINT SUFFICIENTLY PLEADS A TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS CLAIM .......... 12

V. TO THE EXTENT THE COURT IS INCLINED TO GRANT ANY PORTION OF DEFENDANT'S MOTION, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND THE COMPLAINT .......... 15

VI. CONCLUSION .......... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................3

*Canon U.S.A., Inc. v. F & E Trading LLC*,
No. 2:15-cv-6015 (DRH)(AYS), 2017 WL 4357339
(E.D.N.Y. Sept. 29, 2017)....................5

*CT Espresso LLC v. Lavazza Premium Coffees Corp.*,
No. 22CV377 (DLC), 2022 WL 17156759 (S.D.N.Y. Nov. 22, 2022)....................7, 9

*Elias v. Rolling Stone LLC*,
872 F.3d 97 (2d Cir. 2017)....................3

*Eminah Properties LLC v. Energizer Holdings, Inc.*,
531 F. Supp. 3d 593 (E.D.N.Y. 2021) ....................6, 7, 8, 13

*Espire Ads LLC v. TAPP Influencers Corp.*,
655 F. Supp. 3d 223 (S.D.N.Y. 2023)....................12

*Fossil Grp., Inc. v. Angel Seller LLC*,
No. 20-CV-02441 (HG) (TAM), 2022 WL 9447259 (E.D.N.Y. Oct. 14, 2022)....................10

*Fossil Grp., Inc. v. Angel Seller LLC*,
No. 20CV2441WFKTAM, 2021 WL 5409605 (E.D.N.Y. Aug. 27, 2021)
(*report and recommendation adopted*, 2021 WL 4520030
(E.D.N.Y. Oct. 4, 2021))....................7, 8, 9

*Friedman v. Bloomberg L.P.*,
884 F.3d 83 (2d Cir. 2017)....................6

*Godinger Silver Art Ltd. v. Hirschkorn*,
433 F. Supp. 3d 417 (E.D.N.Y. 2019) ....................13, 14

*Hayden v. Paterson*,
594 F.3d 150 (2d Cir. 2010)....................3

*Josie Maran Cosms., LLC v. Shefa Grp. LLC*,
624 F. Supp. 3d 281 (E.D.N.Y. 2022) ....................13, 15

*Kim v. Kimm*,
884 F.3d 98 (2d Cir. 2018)....................3

*LY Berditchev, Corp. v. Truss Cosms. Corp.*,
No. 22-04242 (KM) (CLW), 2023 WL 334539 (D.N.J. Jan. 20, 2023)....................2, 5

*MCO & EA LLC v. Silver Globe Inc.*,
No. CV 20-17100 (SRC), 2022 WL 2161522 (D.N.J. June 14, 2022)....................7

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007)....................4

*Milkovich v. Lorain J. Co.*,
497 U.S. 1 (1990)....................6, 8

*MMS Trading Co. Pty Ltd. v. Hutton Toys, LLC*,
No. 20-CV-1360 (MKB), 2021 WL 1193947 (E.D.N.Y. Mar. 29, 2021)....................11

*Moraes v. White*,
571 F. Supp. 3d 77 (S.D.N.Y. 2021)....................6

*Now-Casting Econ., Ltd. v. Econ. Alchemy LLC*,
628 F. Supp. 3d 501 (S.D.N.Y. 2022)....................4, 5

*SanDisk Corp. v. STMicroelectronics., Inc.*,
480 F.3d 1372 (Fed. Cir. 2007)....................5

*State St. Glob. Advisors Tr. Co. v. Visbal*,
431 F. Supp. 3d 322 (S.D.N.Y. 2020)....................11

*Universal Marine Med. Supply, Inc. v. Lovecchio*,
8 F. Supp. 2d 214 (E.D.N.Y. 1998)....................12

*Unlimited Cellular, Inc. v. Red Points Sols. SL*,
677 F. Supp. 3d 186 (S.D.N.Y. 2023)....................7

**Statutes**

28 U.S.C. § 2201(a)....................4

**Rules**

Fed. R. Civ. P. 12(b)(6)....................3

Fed. R. Civ. P. 15(a)(2)....................15

Plaintiff YCF Trading Inc. ("YCF" or "Plaintiff") respectfully submits this Opposition to Defendant Skullcandy, Inc's ("Skullcandy" or "Defendant") Motion to Dismiss Plaintiff's Complaint, which was served on July 3, 2024 ("Motion" or "Mot").

## I. INTRODUCTION

This case relates to Defendant's interference with YCF's right and ability to resell genuine products on Amazon.com ("Amazon"). YCF operates an Amazon storefront that lawfully resells various products, including SKULLCANDY-branded products ("Skullcandy Products"). The Skullcandy Products sold by YCF on Amazon are all brand new and in their original condition (i.e., they are not altered or modified).

However, through plainly unlawful means, Defendant has sought to eliminate competition and control pricing on online marketplaces by making false allegations of intellectual property infringement against third party sellers like YCF, which only sells genuine products through its well-reputed Amazon storefront. Specifically, as detailed in the Complaint (ECF 1, "Complaint" or "Compl."), Defendant knowingly filed reports with Amazon falsely claiming that YCF was selling "counterfeit" Skullcandy Products. Predictably, as Defendant intended, these false reports directly resulted, first in the deactivation of YCF's listings, and ultimately, in the suspension of YCF's entire Amazon seller account.

Accordingly, YCF brought this action seeking a declaratory judgment of no counterfeiting (Count I) and monetary and injunctive relief for Defendant's defamation (Count II), trade libel (Count III), and tortious interference with contract and business relations (Count IV). The Complaint goes far beyond the requirements of notice pleading as it explains precisely why YCF is entitled to monetary damages and injunctive relief. Seeking to impose needless delay and cost, Defendant has moved to dismiss all claims. But, as discussed below, the Defendant's legal and factual arguments do not support dismissal of any claim and the Motion should be denied. Indeed,

Courts have regularly sustained similar claims involving disputes between sellers on the Amazon platform. *See, e.g.*, *LY Berditchev, Corp. v. Truss Cosms. Corp.*, No. 22-04242 (KM) (CLW), 2023 WL 334539 (D.N.J. Jan. 20, 2023) (denying motion to dismiss declaratory judgment, tortious interference, and defamation claims based on false infringement reports to Amazon).

## II. FACTUAL BACKGROUND

YCF is a merchant on the Amazon marketplace. It sells a wide variety of consumer products. Among the products that it stocks and sells, YCF acquired and offered new, and genuine, Skullcandy Products for sale. *See* Compl. ¶¶ 15-16. Defendant is in the business of manufacturing and distributing earphones and headphones. *Id.* at ¶ 13. Defendant is the owner of U.S. Trademark Registration No. 4622094 for "SKULLCANDY" (the "Skullcandy Registration"). *Id.* at ¶ 12. As detailed in the Complaint, YCF brought this action to seek redress for Defendant's malicious interference with YCF's resale of Skullcandy Products on Amazon. Specifically, Defendant has sought to stifle legitimate competition by, *inter alia*, submitting false reports to Amazon stating that YCF was selling counterfeit and infringing Skullcandy Products.[1]

For example, on March 24, 2024, YCF received an email from Amazon explaining that one of its listings for Skullcandy Products had been suspended because Defendant submitted a report to Amazon stating that YCF was infringing the Skullcandy Registration. *Id.* at ¶ 48. Defendant's false reports were made in bad faith as part of an ongoing and continuous course of conduct by Defendant to interfere in YCF's ability to lawfully resell Skullcandy Products. *Id.* at ¶¶ 53. Defendant knows (or, at a minimum, should have known) that its reports to Amazon were

[1] Defendant's claim that this action only involves two infringement reports filed on Amazon is inaccurate. As will be shown through discovery, Defendant actually filed at least five separate false reports on Amazon that directly led to the removal of YCF's listings of Skullcandy Products and ultimately, the suspension of its entire seller account.

complete fabrications and directed towards YCF. Defendant's insinuations to the contrary are just more misrepresentations.

As a result of Defendant's false reports, YCF has suffered monetary and reputational harm, as well as damage to its business relationship with Amazon. *Id.* at ¶¶ 59-69. Amazon suspended YCF's listings relating to Skullcandy Products, resulting in an immediate loss of revenue, and YCF was put in jeopardy of a full selling suspension. Id. at ¶¶ 75-76. That risk has since materialized as YCF's ***entire*** Amazon seller account was suspended. Moreover, YCF's performance metrics were also irreparably damaged, causing YCF to lose the "buy box" on many of its product listings. Id. at ¶¶ 67-69.

## III. LEGAL STANDARD

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings must be construed in the light most favorable to the non-moving party. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the pleader. *See Kim v. Kimm*, 884 F.3d 98, 102–03 (2d Cir. 2018); *Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## IV. DEFENDANT'S MOTION SHOULD BE DENIED

### A. THE COMPLAINT SUFFICIENTLY PLEADS A DECLARATORY JUDGMENT CLAIM

Contrary to Defendant's suggestion, this court should "exercise jurisdiction over YCF's declaratory judgment claim." *See* Mot. at 5. Pursuant to the federal Declaratory Judgment Act, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Defendant acknowledges that a court should entertain a declaratory judgment action "when the declaratory judgment sought will serve a useful purpose in clarifying or settling the legal issues involved" or when "such judgment would finalize the controversy and offer relief from uncertainty." Mot. at 5 (*quoting* Admiral Ins. Co. v. Niagara Transformer Corp., 57 F.4th 85, 99-100 (2d Cir. 2023)). The Complaint meets both of these elements and, as such, sufficiently alleges a claim for declaratory judgment.

As an initial matter, there is a genuine case or controversy concerning whether YCF infringes Defendant's trademark rights or any other rights, in view of Defendant's false Amazon reports alleging that YCF sold "counterfeit" Skullcandy Products, which directly resulted in the suspension of Plaintiff's ***entire Amazon selling account***. In other words, Defendant's "actions prior to the commencement" of litigation brought the parties into "adversarial conflict." *See Now-Casting Econ., Ltd. v. Econ. Alchemy LLC*, 628 F. Supp. 3d 501, 514 (S.D.N.Y. 2022). Accordingly, "the facts alleged, under all the circumstances, show that there is a substantial controversy . . . of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotation omitted). Indeed, "[YCF] need not risk a suit for infringement by engaging in the identified activity

[i.e., continuing to sell the same Skullcandy Products at issue] before seeking a declaration of its legal rights." *SanDisk Corp. v. STMicroelectronics., Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007).

Further, contrary to Plaintiff's suggestion, the declaratory judgment sought in this action is instrumental in clarifying or settling the legal issues in this action. It is well established that "[f]ederal courts may generally hear cases asking for declarations of trademark noninfringement." *Now-Casting Econ., Ltd. v. Econ. Alchemy LLC*, 628 F. Supp. 3d at 514. That is precisely what the Complaint's declaratory judgment claim seeks. Specifically, the declaratory judgment sought will settle the legal issue over whether YCF's resale of genuine brand new Skullcandy Products through its Amazon Storefront – as is permitted under the first sale doctrine – violates any of Defendant's rights under federal or state law (which it does not).

Moreover, the declaratory judgment sought by YCF will undoubtedly finalize the controversy and offer relief from uncertainty. Without it, Defendant could "continue broadcasting assertions of infringement" that would prevent YCF from being able to reinstate its, currently suspended, Amazon storefront along with its listings of Skullcandy Products. *See Canon U.S.A., Inc. v. F & E Trading LLC*, No. 2:15-cv-6015 (DRH)(AYS), 2017 WL 4357339, at *11 (E.D.N.Y. Sept. 29, 2017) (denying motion to dismiss declaratory judgment counterclaim); *see also LY Berditchev, Corp. v. Truss Cosms. Corp.*, 2023 WL 334539, at *5 (denying motion to dismiss declaratory judgment claim and holding a "declaration that [plaintiff] has not infringed on [defendant's] trademarks might prompt Amazon to permit [plaintiff] to resume selling the de-listed…products and to use the "buy box" feature once again"); *see also Home Racer LLC v. AKRacing Am.*, Inc., No. 20- cv-81854, 2021 WL 3419239, at *2 (S.D. Fla. May 12, 2021) (denying motion to dismiss because "a declaratory judgment finding that Plaintiff's sale of the product at issue does not constitute trademark infringement or counterfeiting would presumably

assist Plaintiff in convincing Amazon to remove the complaints and allow Plaintiff to resume selling the products.").

Accordingly, the Complaint sufficiently alleges a declaratory judgment claim and Defendant's Motion, as to Claim I, should be denied.

**B. THE COMPLAINT SUFFICIENTLY PLEADS A DEFAMATION CLAIM**

Defendant's argument that the Complaint's defamation claim should be dismissed because its reports to Amazon were "statements of pure opinion" is without merit. Generally, "accusations of criminal or unethical activity, in particular, are considered expressions of fact." *Moraes v. White*, 571 F. Supp. 3d 77, 95–96 (S.D.N.Y. 2021). Even if the statement is phrased as an opinion, "[a] statement of opinion is actionable under New York law if it implies that 'the speaker knows certain facts, unknown to his audience, which support his opinion and are detrimental to the person about whom he is speaking.'" *Friedman v. Bloomberg L.P.*, 884 F.3d 83, 97 (2d Cir. 2017); *Milkovich v. Lorain J. Co.*, 497 U.S. 1, 18–19 (1990) ("In my opinion Jones is a liar" is just as actionable as "Jones is a liar."). Here, as evidenced by Defendant's own supporting papers, the two Amazon reports filed by Defendant state – as a matter of fact – that Plaintiff "is listing a product bearing the Skullcandy trademark" that is "not a product in [its] brand's catalogue." *See* Declaration of Matthew Kepke ("Kepke Decl."), Exhs. 1 and 2. Indeed, this accusation is not asserted as an opinion but rather as an unequivocal statement of fact. Further, even if Defendant's accusations could, somehow be construed as a "statements of opinion," they would still be actionable because they clearly imply that Defendant "knows certain facts, unknown to [its] audience, which supports [its] opinion." *See Friedman v. Bloomberg L.P.*, 884 F.3d at 97.

This Court, along with numerous others, have considered reports of counterfeiting and infringement sufficiently "factual" to support a claim for defamation. For example, in *Eminah Properties LLC v. Energizer Holdings, Inc.*, 531 F. Supp. 3d 593 (E.D.N.Y. 2021), this Court

denied a motion to dismiss a claim of defamation arising from the defendant filing false reports of infringement with an e-commerce website on which the plaintiff was operating. In that case, the defendant filed false infringement reports through eBay's Verified Rights Owner Program, which requires purported trademark owners to attest to: (1) their ownership over the subject intellectual property; and (2) a "good faith belief" that "a listing constitutes infringement." *Eminah Properties LLC v. Energizer Holdings, Inc.*, 531 F. Supp. 3d 593, 600 (E.D.N.Y. 2021). Given these facts, this Court held that "defendants falsely claim[ing] that the plaintiffs were committing trademark infringement" could form the basis of a viable defamation claim. *Id.* at 608; *see Unlimited Cellular, Inc. v. Red Points Sols. SL*, 677 F. Supp. 3d 186, 199 (S.D.N.Y. 2023) (denying motion to dismiss defamation claim based on false report of infringement to eBay because "eBay relies on [the reports] with the presumption that facts exist which justify the opinion by are unknown to them")

In *Fossil Grp., Inc. v. Angel Seller LLC*, No. 20CV2441WFKTAM, 2021 WL 5409605, at *13 (E.D.N.Y. Aug. 27, 2021) (*report and recommendation adopted,* 2021 WL 4520030 (E.D.N.Y. Oct. 4, 2021)), this Court similarly denied a motion to dismiss a defamation claim. In doing so, the Court emphasized that by filing its false infringement reports with Amazon, the defendant had to: (1) "swear" that it had a "good faith belief that the content(s) described…violate(s) [its] rights"; and (2) "declare under penalty of perjury, that the information contained in the [report] is correct and accurate." *Fossil Grp., Inc. v. Angel Seller LLC*, No. 20CV2441WFKTAM, 2021 WL 5409605; *see CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22CV377 (DLC), 2022 WL 17156759, at *2 (S.D.N.Y. Nov. 22, 2022) (finding that complaint "stated a claim for defamation" where it "allege[d] that the defendants submitted complaints to Amazon stating that [plaintiff] was selling 'counterfeit' Lavazza products," which "is defamatory per se"); *see also MCO & EA LLC v. Silver Globe Inc.*, No. CV 20-17100 (SRC),

2022 WL 2161522, at *5 (D.N.J. June 14, 2022) ("Silver's false statement that Plaintiff was selling counterfeit goods is clearly injurious to Plaintiff's reputation, as demonstrated by the undisputed fact that, in response, Amazon suspended Plaintiff's listing for five weeks. No reasonable jury could conclude otherwise."). As such, this Court, once again, held that infringement reports filed with Amazon could form the basis of a viable defamation claim.

Just as was the case with *Eminah Properties* and *Fossil Grp., Inc*, the Complaint clearly alleges that Defendant filed reports with Amazon wrongfully accusing YCF of trademark infringement. Further, the Complaint also pleads that Defendant had a "good faith belief" for submitting the reports, which were also "signed under penalty of perjury." *See* Compl. ¶44-46. Thus, as this Court has consistently held in identical circumstances, Defendant's reports of counterfeiting and infringement that were filed on Amazon are sufficient, as a matter of law, to sustain a defamation claim.

Moreover, Defendant cannot hide behind the claim that its false accusations were "pure opinion because they were 'inferences' from…specific factual information." *See* Mot. at 10. As the United States Supreme Court explained, "[e]ven if the speaker states the facts upon which he bases his opinion, if those facts are either incorrect or incomplete, or if his assessment…is erroneous, the statement may still imply a false assertion of fact. Simply couching such statements in terms of opinion does not dispel these implications." *Milkovich v. Lorain J. Co.*, 497 U.S. at 19. Here, Defendant is alleged to have filed its Amazon reports with knowledge of their falsity and with knowledge that Amazon would act on them by preventing YCF from selling Skullcandy Products. To that end, merely "couching" its statements as "inferences" does not dispel the allegation that Defendant was making a "false assertion of fact. *Id.*

### C. THE COMPLAINT SUFFICIENTLY PLEADS A TRADE LIBEL CLAIM

Defendant unavailingly argues that YCF's claim for trade libel should be dismissed because the Complaint does not sufficiently allege "a false statement," "malice" or "special damages." *See* Mot. at 10-12.

*First*, as detailed above, Defendant's reports to Amazon falsely claiming that the Skullcandy Products sold by YCF through its storefront are not mere opinions but rather can form the basis of defamation and trade libel claims. *See supra* at Section IV.B; *see* In *Fossil Grp., Inc. v. Angel Seller LLC*, 2021 WL 5409605, at *13 (holding that reports made to Amazon alleging trademark infringement could form the basis of a defamation claim); *see also CT Espresso LLC v. Lavazza Premium Coffees Corp.*, 2022 WL 17156759, at *2 (acknowledging that "an accusation of counterfeiting also sounds in defamation")

*Second*, the Complaint sufficiently alleges malice. To argue that YCF only relies "on conclusory allegations, made 'on information and belief'" (Mot. at 10), ignores the Complaint's allegations which expressly detail Defendant's "coordinated effort to preclude third parties, including [YCF], from reselling genuine Skullcandy Products on online marketplaces" to control pricing and ultimately eliminate fair competition. *See* Compl. ¶ 32. To that end, the Complaint specifically explains that, with goal of having YCF's listings suspended by Amazon, Defendant falsely reported Plaintiff's products as "counterfeit," despite the facts that Defendant: (1) "did not conduct a test purchase" (Compl. ¶ 43); (2) "ha[d] no conclusive evidence that the alleged product is in fact counterfeit" (Compl. ¶ 43); (3) knew "that the products may be authentic products that were merely 'improperly diverted'" – *i.e.*, sold in a sales channel that it wishes it could control (Compl. ¶ 43). Based on these and other allegations in the Complaint, Plaintiff alleges on information and belief that Defendant's allegations that the Skullcandy Products were counterfeit were knowingly false and made in bad faith and that "Defendants acted with actual malice or with

reckless disregard for the truth of the matter contained in Defendants' false statements to Amazon and Plaintiff's customers." *Id.* at ¶ 87; *see Fossil Grp., Inc. v. Angel Seller LLC*, No. 20-CV-02441 (HG) (TAM), 2022 WL 9447259, at *1 (E.D.N.Y. Oct. 14, 2022) (finding that allegations that brand filed "false reports" to Amazon to stifle competition sufficient to allege bad faith).

*Third*, the Complaint alleges the requisite special damages to sustain a trade libel claim, as it identifies specific and permanent impairments to YCF's business, which flow directly from Defendant's written statements to Amazon. The Complaint specifically explains that Plaintiff's product listings identified in the Amazon Complaints were suspended, resulting in an immediate loss of revenue, and that Plaintiff's performance metrics were irreparably damaged, and have caused Plaintiff to lose the "buy box" going forward. *See* Compl. ¶¶ 55, 58, 66–69. Further, since the filing of the Complaint, Amazon suspended YCF's entire Amazon account, resulting in a loss of all selling privileges.[2] Defendant's assertion that, in order to plead special damages, YCF must identify the ***names*** of specific Amazon customers that it lost is nonsensical and ignores the majority of the factual allegations above. The Complaint identifies specific, quantifiable and permanent impairments to Plaintiff's business, which flow directly from Defendant's false accusations of trademark infringement filed with Amazon.

Accordingly, the three grounds on which Defendant challenges the Complaint's trade libel claim and as such the Motion should be denied.

### D. THE COMPLAINT SUFFICIENTLY PLEADS A TORTIOUS INTERFERENCE WITH CONTRACT CLAIM

Despite Defendant's suggestion otherwise (Mot. at 12), YCF can – and does – adequately allege each of the required elements to plead a viable tortious interference claim, which include: "[1] the existence of a valid contract between the plaintiff and a third party, [2] defendant's

[2] Plaintiff is available to amend the Complaint to include these additional factual allegations.

knowledge of that contract, [3] defendant's intentional procurement of the third-party's breach of the contract without justification, [4] actual breach of the contract, and [5] damages resulting therefrom." *State St. Glob. Advisors Tr. Co. v. Visbal*, 431 F. Supp. 3d 322, 348 (S.D.N.Y. 2020).

It strains credulity to suggest that the Complaint does not sufficiently allege the existence of a valid contract with a third party and Defendant reliance on *MMS Trading Co. Pty Ltd. v. Hutton Toys, LLC*, No. 20-CV-1360 (MKB), 2021 WL 1193947 (E.D.N.Y. Mar. 29, 2021) is unavailing. *See* Mot. 12-13. In that case, a tortious interference with contract claim was dismissed when the complaint only alleged that it had "existing contractual relations with Amazon.com." *MMS Trading Co. Pty Ltd. v. Hutton Toys, LLC*, 2021 WL 1193947, at *12. In contrast, the Complaint in this case clearly alleges the existence of a valid and binding contract between YCF and Amazon.

Specifically, the Complaint details that, in order to be able to sell products through its Amazon Storefront, YCF and Amazon entered into a legally binding contract known as the Amazon Services Business Solutions Agreement ("BSA"), which legally governs YCF's ability to sell products through its storefront. *See* Compl. ¶¶ 23-25, 106. The Complaint also identifies and summarizes the BSA's relevant major terms, namely Paragraph S-1.2 thereof. *Id.* at ¶ 107. Thus, there can be no doubt that the Complaint properly alleges the existence of a valid contract.

Additionally, while Defendant attempts to impose a higher pleading standard for this basic cause of action, settled New York law makes clear that to "plead the second element of a tortious interference claim [*i.e.*, knowledge of the contract]," plaintiffs need not "plead that the defendant had perfect or precise knowledge of the terms and conditions of the contracts at issue." *State St. Glob. Advisors Tr. Co. v. Visbal*, 431 F. Supp. 3d at 349. This requirement has been satisfied. The Complaint alleges that Defendant was aware of the BSA and its material terms. *See* Compl. ¶ 108-

109. To support these allegations, the Complaint, the Complaint states that Defendant filed its reports knowing that "Amazon would suspend or terminate its relationship with Plaintiff" in violation of the BSA's provisions. *Id.* at ¶ 33. After affording to the Complaint all required favorable inferences, this allegation imputes Defendant's knowledge of the BSA. Moreover, these same allegations also are sufficient to show Defendant's intentional procurement of Amazon's breach of the BSA – namely that Defendant filed its false reports with the *objective* of having Amazon terminate its relationship with YCF, in breach of the BSA.

Lastly, the Complaint alleges that by deactivating YCF's listings of Skullcandy Products (and, since the filing of this litigation, suspending) YCF's entire Amazon seller account, Amazon breached the BSA. At a minimum, the extent to which Amazon's conduct constitutes a breach of the BSA is a question of fact not suitable for determination on a motion to dismiss. *See, e.g.*, *Universal Marine Med. Supply, Inc. v. Lovecchio*, 8 F. Supp. 2d 214, 221 (E.D.N.Y. 1998).

Therefore, the Motion, as to the tortious interference with contract claim, should be denied.

### E. THE COMPLAINT SUFFICIENTLY PLEADS A TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS CLAIM

The Complaint properly alleges each and every element of a tortious interference with business relations claim, and Defendant's position to the contrary is refuted not only by the allegations in the Complaint, which Defendant, again, chooses to ignore, but also by settled by the holdings of this Court and the Second Circuit alike.

It is simply untrue that the Complaint does "not adequately allege that Skullcandy engaged in conduct that would constitute a crime or an independent tort, or that Skullcandy otherwise used wrongful means." *See* Mot at p. 16. It is well established that Defendant's defamation can serve as a predicate wrongful act for a tortious interference claim. *See Espire Ads LLC v. TAPP Influencers Corp.*, 655 F. Supp. 3d 223, 263 (S.D.N.Y. 2023) (holding that because the plaintiffs' "claim for

defamation survives, it also suffices as the predicate tortious act for their claim of tortious interference”). For the avoidance of doubt, as detailed above (*supra* at Section IV.B), the reports filed on Amazon by Defendant falsely accusing YCF of trademark infringement is not “simple persuasion” (Mot. at 16), but rather, as has repeatedly been recognized by this Court, an actionable defamatory statement – or in other words, an independent tort, which, as Defendant concedes (Mot. at 16), is sufficient to assert a tortious interference claim. *See, e.g.*, *Eminah Properties LLC v. Energizer Holdings, Inc.*, 531 F. Supp. 3d at 608.

***This Court has expressly rejected Defendant’s position*** that its false Amazon reports are “not sufficient to plausibly allege a claim for tortious interference with business relations.” *See* Mot. at 16. Specifically, in *Josie Maran Cosms., LLC v. Shefa Grp. LLC*, 624 F. Supp. 3d 281, 295 (E.D.N.Y. 2022), this Court denied a motion to dismiss tortious interference claims where the wrongful means alleged was the defendant “knowingly submit[ing] false Amazon Reports,” which is exactly what is being alleged in the Complaint.

Defendant’s reliance on *Godinger Silver Art Ltd. v. Hirschkorn*, 433 F. Supp. 3d 417 (E.D.N.Y. 2019) is unavailing. In that case, a tortious interference claim was dismissed because the plaintiff only relied on conclusory statements without any context or factual support. Specifically, the complaint in that case only alleged that the defendant made “wrongful and baseless” infringement claims to Amazon and “used dishonest, unfair and improper means to interfere with Plaintiff’s business” in order to “harm plaintiff” and “squelch competition.” *Godinger Silver Art Ltd. v. Hirschkorn*, 433 F. Supp. 3d 417, 427 (E.D.N.Y. 2019). These scant allegations are worlds apart from the detailed allegations in the Complaint.

Specifically, unlike in *Godinger*, the Complaint alleges that Defendant knowingly filed false and defamatory reports on Amazon – under penalty of perjury – even though it ha[d] no

conclusive evidence that the alleged product is in fact counterfeit" *See* Compl. ¶43. As detailed above (*supra* at Section IV.B), these false reports properly form the basis of YCF's defamation claim; and a defamation claim (*i.e.*, an independent tort) is sufficient to serve as a predicate wrongful means in connection with a tortious interference claim. In contrast, the Godinger Plaintiff never alleged or argued that the subject Amazon reports were defamatory, and the issue was not considered by the *Godinger* Court. Stated otherwise, unlike *Godinger*, the Complaint in this case alleges wrongful means.

Furthermore, unlike *Godinger* and contrary to Defendant's position, the Complaint does not allege that Defendant was motivated by "the mere desire to prevent competition and enhance sales," (Mot. at 16), but rather, was motivated by a desire to destroy YCF by having Amazon either suspend YCF's listings for Skullcandy products or suspend YCF's entire seller account. *See* Compl. ¶¶ 33, 112-113. Moreover, the Complaint includes the fact that Defendant filed its reports on Amazon even though its own General Counsel acknowledged that "Defendants did not conduct a test purchase, have no conclusive evidence that the alleged product is in fact counterfeit, and that the products may be authentic products that were merely 'improperly diverted.'" *See Id.* at 43. As such, the Complaint sufficiently alleges that Defendant aimed to accomplish this goal by filing infringement reports with Amazon even though Defendant had no reason to believe – and in fact knew – that none of its intellectual property rights were being infringed by YCF. Thus, the Complaint also sufficiently alleges that Defendant acted solely with malice.

Finally, YCF can – and does – "adequately allege that Skullcandy injured YCF's relationship with Amazon." Specifically, the Complaint explains that Plaintiff's listings for Skullcandy Products were suspended, and that it suffered damage to its performance metrics and other harm (see, e.g., Compl. ¶¶ 55, 58–59, 66–69), before its entire account was ultimately

suspended. Further, Defendant's own moving papers demonstrate that Defendant was expressly seeking to interfere in YCF's relationship with Amazon as Defendant specifically demanded that Amazon have YCF's listings "removed from the US marketplace. *See* Kepke Decl., Exhs. 1 and 2. In other words, it was at Defendant's behest that Amazon suspended YCF's Skullcandy Products (and eventually its entire seller account). These allegations are sufficient to state a claim for tortious interference. *See, e.g., Josie Maran Cosms., LLC v. Shefa Grp. LLC*, 624 F. Supp. 3d at 295 (denying motion to dismiss tortious interference claim where brand owner "knowingly submitting false Amazon Reports," which "led to the removal of "listing content" and ultimately resulted in "diminished performance metrics, lost revenue, and increased risk of account suspension").

## V. TO THE EXTENT THE COURT IS INCLINED TO GRANT ANY PORTION OF DEFENDANT'S MOTION, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND THE COMPLAINT

As discussed above, Defendant's Motion ignores the detailed allegations in the Complaint that go far beyond the requirements of notice pleading. Nonetheless, to the extent that the Court determines that any aspect of Plaintiff's Amended Complaint is insufficiently pled, Plaintiff respectfully requests leave to amend. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Indeed, since the filing of the Complaint significant developments in this case have occurred, namely that YCF's entire Amazon seller account has been suspended as a direct result of the false infringement reports Defendant filed on Amazon.

## VI. CONCLUSION

For the foregoing reasons, Defendant's Motin should be denied.

**TARTER KRINSKY & DROGIN LLP**

Dated: July 31, 2024

By: ______*/s/ Michael Benzaki*_________

Michael Benzaki
1350 Broadway
New York, NY 10018
Tel.: (212) 216-8000
Fax: (212) 216-8001
E-mail: mbenzaki@tarterkrinsky.com

***Attorneys for Plaintiff***